# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 13cr4022-LAB-1 and 16cv2051-LAB |
|---|---|
| Plaintiff, vs. | **ORDER DENYING PETITION UNDER 28 U.S.C. § 2255** |
| JOSE JAIR SAINZ-CAMACHO, Defendant. | |

Petitioner Jose Jair Sainz-Camacho pled guilty to importation of heroin and methamphetamine, and was sentenced to 67 months' imprisonment, followed by 8 years' supervised release. He unsuccessfully appealed the Court's denial of minor role during sentencing. The Ninth Circuit denied his appeal on March 16, 2015, and the mandate issued July 17, 2015. He did not file a *certiorari* petition. He did, however, file a motion to reduce his sentence pursuant to Amendment 782 of the U.S.S.G., which was denied. That motion was dated March 2, 2016 and was denied on March 16, 2016. He then filed a petition to vacate under 28 U.S.C. § 2255, which he dated August 7, 2016.

Petitions under § 2255 are subject to a one-year limitations period. In this case, it ran from the date his conviction became final, under § 2255(f)(1). That limitations period began to run when the time for seeking *certiorari* review expired, *i.e.*, 90 days after entry of judgment on March 16, 2015. *Clay v. United States*, 537 U.S. 522, 527–32 (2003); *United*

*States v. Buckles*, 647 F.3d 883, 887–88 (9th Cir. 2011). The deadline for filing a § 2255 petition was one year after that, or June 14, 2016. But he did not file his petition until August 7, 2016 at the earliest.

It is clear Sainz-Camacho is not entitled to equitable tolling; nothing stood in the way of his timely filing his petition, because he already knew about the minor role claim, and because he was able to file a different motion within the time period. His petition is therefore time-barred.

Even if it were timely, Sainz-Camacho's petition is effectively a second appeal of an issue he lost on in the Ninth Circuit, and must be denied for that reason as well. *See United States v. Frady*, 456 U.S. 152, 165 (§ 2255 petition cannot be used to raise issues that could be litigated on direct appeal); *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (§ 2255 petition cannot be used as a second appeal); *United States v. Hayes*, 231 F.3d 1132, 1139–40 (9th Cir. 2000) (issues decided on appeal are law of the case).

The petition is **DENIED** and a certificate of appealability is also **DENIED**. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: April 2, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge